KAREN SNIDER,                )
                                        )
            Plaintiff,            )
                                          )        Case No. 1:12-CV-423
v.                                       )
                                        )        Judge Curtis L. Collier
STEIDLEY & NEAL, PLLC, *et al.*,    )
                                        )
           Defendants.      )

# M E M O R A N D U M

       This is not the first case the Court has heard from *pro se* Plaintiff Karen Snider ("Plaintiff").

In fact, the Court dismissed two similar cases against many of the same defendants in 2010. *See*

*Snider v. Doral Dental, USA, et al.*, No. 1:10-CV-19 (E.D. Tenn. Mar. 2, 2010); *Snider v. Gov't*

*Employees Ins. Co.*, No. 1:10-CV-22 (E.D. Tenn. Mar. 2, 2010). But this court is not the only one.

Plaintiff has filed numerous frivolous actions in both this district and the Middle District of

Tennessee against these defendants, apparently seeking recompense for unsuccessful past lawsuits.

Because the Court finds defendants' motions well-taken, the Court will **GRANT** their motions

(Court File Nos. 15, 27, 33, 35, 37, 44, 50) and dismiss this action.

## I.     FACTUAL BACKGROUND

       These cases arise from a 2008 "contract law" case against attorney Stephen Grayless, which

was presumably something of a malpractice action. This action was presided over by Oklahoma

Judge Jefferson D. Sellers ("Judge Sellers"). Plaintiff states that Judge Sellers appointed Steven

Hickman ("Hickman") of the law firm Frasier, Frasier, & Hickman ("Frasier Firm"), L.L.P., as

guardian *ad litem* for her minor child. Steidley & Neal, P.L.L.C. ("Steidley Firm") represented

Grayless. Plaintiff alleges the case was dismissed without prejudice on August 4, 2008, with a final

order dismissing the case being filed on December 15, 2008. The Oklahoma Supreme Court dismissed her appeal on February 23, 2009.

Following disposition of the 2008 case, Plaintiff filed two suits in the Middle District of Tennessee, Case Nos. 3:10-cv-31, 3:10-CV-32, against many of the same defendants listed here.[1] The cases were both transferred to the Northern District of Oklahoma, where they were given new case numbers, Nos. 4:10-cv-578-CVE-PJC, 4:10-CV-46-JHP-TLW. After Plaintiff failed to serve defendants, Chief Judge Claire Eagan issued an order to show cause why the No. 4:10-cv-578-CVE-PJC case should not be dismissed. Plaintiff did not answer the show cause order, and the case was dismissed. Many of the claims in the second case were deemed frivolous by the presiding judge and were dismissed. All claims were eventually dismissed by September 21, 2010 for Plaintiff's failure to prosecute. During this time period, Plaintiff filed the two suits before this court mentioned above. After both of those suits were dismissed, Plaintiff apparently took a two-year rest in pursuit of her claims. Now she has filed the instant suit the Court must dismiss as well.

In this case, Plaintiff alleges a fraud upon the court and other related fraud claims, including a civil rights claim alleging a "conspiracy of silence." She listed Judge Sellers as defendant for his role in the underlying case discussed above. Judge Sellers' deputy clerk, Kay Lindsey, was also named as a defendant, as were court reporters Lynette Quetone and Peggy Haddock. She listed Steidley Firm as well as Wallace Steidley[2] and Michelle Harris ("Harris"), attorneys with Steidley

---

[1] The Court may take judicial notice of the fact Plaintiff has filed these cases. *See Davis v. City of Clarksville*, 492 F. App'x 572, 578 (6th Cir. 2012) ("Certainly, we could take judicial notice of the existence of these documents as evidence that a complaint was in fact filed or a deposition was in fact taken.").

[2] Plaintiff named Steidley as "William Steidley," which apparently was an error.

Firm, for their involvement in the case. Frasier Firm and Hickman were named as well. Oklahoma Attorney Mutual Insurance Company, insurer for these law firms and attorneys, was listed separately. Pignato & Cooper, P.C. ("Pignato Firm"), and Gerard Pignato ("Pignato") and Mark Houts ("Houts"), attorneys employed by Pignato Firm, are named as defendants, although their involvement is unclear from the face of the complaint. Brian Kuester is included in Plaintiff's allegations against these attorney defendants, but his involvement is also unclear from the complaint. Finally, she named Doral Dental, USA ("Doral Dental") and Ron Price ("Price") as defendants for their alleged refusal to cooperate in discovery.[3]

Defendants have all filed motions to dismiss. The Court will grant all of these motions.

## II.    STANDARD OF REVIEW

All defendants but Doral Dental and Price seek dismissal under Fed. R. Civ. P. 12(b)(2). Defendants also seek dismissal under Rules 12(b)(5), 12(b)(6), or both. Understandably, given Plaintiff's repeated lawsuits, Defendants Steidley Firm, Harris, Steidley, Frasier Firm, Hickman, and Oklahoma Mutual seek dismissal on the merits, and only seek dismissal on Rule 12(b)(2) grounds in the alternative. However, personal jurisdiction is a threshold issue, and because those defendants have not consented to the Court's personal jurisdiction, the Court must consider that issue first. Doral Dental and Price do not seek dismissal on the grounds of personal jurisdiction, and accordingly have waived any personal jurisdiction argument. Fed. R. Civ. P. 12(h).

Although Doral Dental and Price have filed their motion to dismiss pursuant to Fed R. Civ.

---

[3] In addition to the above, Plaintiff alleges the above-listed individual defendants acted on behalf of their spouses. The significance of this allegation is unclear to the Court. To the extent these spouses were intended to be listed separately, they are dismissed from the case for the reasons discussed with respect to their spouses.

3

P. 12(b)(6), the Court observes Plaintiff is proceeding in forma pauperis in this action (Court File No. 3). A court shall dismiss a case proceeding in forma pauperis at any time if the court determines the action or appeal "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (noting 28 U.S.C. § 1915(e)(2) applies to both indigent prisoners as well as indigent non-prisoners). "The courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, then the district court must sua sponte dismiss the complaint." *Id.* at 1138. "A complaint is frivolous only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (citation omitted). The standards for dismissing a complaint for failure to state a claim under § 1915(e)(2) or Fed. R. Civ. P. 12(b)(6) are identical. *Id.* at 924.

Pursuant to Fed. R. Civ. P. 12(b)(6), a claim should be dismissed when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (internal quotation marks omitted). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain

a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* at 678. To avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Supreme Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

It is well established that courts are required to liberally construe *pro se* complaints to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012). This liberal construction is not boundless, however, for *pro se* plaintiffs are required to comply with substantive law and the minimum requirements for pleading a civil complaint under Fed. R. Civ. P. 8(a). *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## III. DISCUSSION

As noted above, Defendants Doral Dental and Price failed to seek dismissal pursuant to Rule 12(b)(2) in their first Rule 12 motion and have therefore waived the argument. However, the other defendants all raised the argument in their first Rule 12 motions and the Court must consider

5

personal jurisdiction as a threshold issue.[4] *Bird v. Parsons*, 289 F.3d 865, 872 (6th Cir. 2002)

("Although it is tempting to avoid addressing Bird's novel theory of personal jurisdiction by

assuming, without deciding, that the Dotster defendants are subject to personal jurisdiction in Ohio,

and proceed directly to the substantive claims that Bird asserts, the Supreme Court has recently

foreclosed this possibility.") (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-95

(1998)); *see also Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal

jurisdiction over a defendant is a threshold issue that must be present to support any subsequent

order of the district court . . . ."). The Court will consider the personal jurisdiction defendants first,

and will consider the merits of Plaintiff's claims against Doral Dental and Price second.

### A. Personal Jurisdiction

In addition to jurisdiction over the dispute itself, a court must have jurisdiction over the

parties to that dispute. Jurisdiction over the parties, known as personal jurisdiction, is not at issue

where all parties willingly submit to a court's authority to hear a case. Where, as here, defendants[5]

in a case hale from out of state and dispute the court's jurisdiction over them, the court can only

exercise personal jurisdiction over those out-of-state defendants if they maintain "certain minimum

---

[4] The Court acknowledges some of defendant raised other jurisdictional questions such as the *Rooker-Feldman* doctrine. However, "it is well-established that the law 'does not dictate a sequencing of jurisdictional issues' and that 'a federal court [may] choose among threshold grounds for denying audience to a case on the merits.'" *Aarti Hospitality, LLC v. City of Grove City*, 350 F. App'x 1, 5-6 (6th Cir. 2009) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999)). The Court finds it appropriate to rule on the personal jurisdiction question as a threshold, rather than consider Plaintiff's claims piecemeal.

[5] "Practically speaking, plaintiffs always concede personal jurisdiction, so the inquiry is typically restricted to defendants; because defendants who reside in the forum state will always be subject to the personal jurisdiction of the court, the inquiry is in most cases further restricted to non-resident defendants." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012).

6

contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). Thus, courts consider whether the exercise of personal jurisdiction over parties is consistent with the Due Process Clause in the United States Constitution.[6]

Under federal due process analysis, there are two bases of personal jurisdiction: "(1) general personal jurisdiction, where the suit does not arise from defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." *Conn v. Zakharov*, 667 F.3d 705, 712-13 (6th Cir. 2012). Plaintiff's *pro se* complaint does not specifically identify the jurisdictional basis on which she relies, but given her repeated allegation defendants availed themselves of the privilege of acting in Tennessee during the underlying litigation, the Court presumes she asserts specific jurisdiction. The Court will, however, consider both possible bases of jurisdiction.

Neither the United States Supreme Court nor the Sixth Circuit Court of Appeals has defined a precise test for courts to follow when determining whether the exercise of general jurisdiction is proper. *Id.* The touchstone for general jurisdiction is whether an out-of-state defendant's contacts with the forum state are "continuous and systematic," *Helicopteros Nacionales de Colombia, S.A.*

---

[6] A court must also have jurisdiction pursuant to the state's long arm statute. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007) . "Tennessee's long-arm statute[,Tenn. Code Ann. § 20-2-214(a)(6),] has been interpreted to be 'coterminous with the limits on personal jurisdiction imposed' by the Due Process Clause of the United States Constitution, and thus, 'the jurisdictional limits of Tennessee law and of federal constitutional law of due process are identical.'" *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005) (quoting *Payne v. Motorists' Mut. Ins. Cos.*, 4 F.3d 452, 455 (6th Cir. 1993)). Accordingly, "the court need only determine whether the assertion of personal jurisdiction . . . violates constitutional due process." *Aristech Chem. Int'l v. Acrylic Fabricators*, 138 F.3d 624, 627 (6th Cir. 1998) (internal quotation marks and citation omitted).

*v. Hall*, 466 U.S. 408, 414–16, 414 n.9 (1984), and if so, general jurisdiction is proper even if the underlying action "is unrelated to the defendant's contacts with the state," *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (citations omitted).

By contrast, a three-factor test exists for determining whether a court properly exercises specific personal jurisdiction over an out-of-state defendant.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).[7]  The "purposeful availment" requirement–often referred to as the *sine qua non* of personal jurisdiction–"ensures that a defendant will not be haled in a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or third person." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 551 (6th Cir. 2007) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (internal citations and quotation marks omitted).  Although the out-of-state defendant's physical presence in the forum state is not required, specific personal jurisdiction is only proper where the defendant himself has created a substantial connection with the forum state. *Burger King*, 471 U.S. at 476.

On the second prong, a court must determine whether a plaintiff's cause of action arises from defendant's contacts with the forum state.  In making this determination, a court assesses "whether

---

[7] After first announcing this test in 1968, the Sixth Circuit has continued to rely on the same formulation.  *See Conn*, 667 F.3d at 713 (quoting *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002)).

8

the causes of action were 'made possible by' or 'lie in the wake of' defendant's contacts, or whether the causes of action are 'related to' or 'connected with' the defendant's contacts with the forum state." *Air Prods.*, 503 F.3d at 553 (internal citations omitted). Finally, if the court finds these first two prongs satisfied, it must decide whether the exercise of jurisdiction over the defendant is reasonable. *S. Mach.*, 401 F.2d at 381. In considering whether exercise of personal jurisdiction is reasonable under this third prong, courts look to four factors: "(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy." *Intera Corp.*, 428 F.3d at 618.

Whether relying on either the general or the specific theory of personal jurisdiction, the plaintiff bears the burden of establishing "specific facts" demonstrating the exercise of personal jurisdiction is proper, and the plaintiff must establish such facts by a preponderance of the evidence. *Conn*, 667 F.3d at 711. Where, as here, the court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(2) without the aid of an evidentiary hearing, the plaintiff need only a make a prima facie case the court has personal jurisdiction. *Id.* Finally, given the procedural posture of the case, the Court must view the pleadings in the light most favorable to Plaintiff, but can also consider defendants' undisputed factual assertions. *Id.*

### 1. General Jurisdiction

The Court first considers whether due process permits the imposition of general jurisdiction under the facts of this case. Although Plaintiff has not advanced arguments in support of general jurisdiction, the Court nonetheless considers whether personal jurisdiction is proper on this basis. The Court concludes it is not.

The exercise of general jurisdiction over an out-of-state defendant is appropriate where that

defendant maintains "continuous and systematic" contacts with the forum state.  *Helicopteros*, 466 U.S. at 416.  The Sixth Circuit recently held a district court did not have general jurisdiction over an out-of-state defendant who owned property and made yearly trips to the forum state.  *Conn*, 667 F.3d at 717-20.  In reaching that conclusion, the Sixth Circuit, looking to treatises and other courts, noted for a defendant's contacts to be continuous and systematic those contacts must "approximate physical presence within a state's borders," *id.* at 718 (citing *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000),[8] and must be "very substantial, indeed . . . quite rigorous" *id.* (quoting Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1067.5, at 520 (3d ed. 2002)).

Here, defendants do not maintain the kind of continuous and systematic contacts with Tennessee necessary to establish general jurisdiction.  Indeed, nothing in the complaint suggests defendants maintain any sort of contacts with Tennessee.  The complaint alleges each of the individual defendants[9] and entities are residents of Oklahoma, and those allegations are supported by the affidavits submitted with some of the defendants' motions (*see* Court File Nos. 36-2, 38-2). Nor does the complaint contain any allegation defendants have been to Tennessee, own property in Tennessee, or otherwise conduct business in Tennessee on a regular basis.  Rather, the complaint focuses on defendants' involvement in the underlying malpractice litigation in Oklahoma, and alleges each defendant availed him or herself of the privilege of acting in Tennessee during that litigation by communicating with Plaintiff via telephone, mail, or facsimile or otherwise engaging

---

[8] This case was overruled on other grounds by *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199 (9th Cir. 2006).

[9] Price, who did not move to dismiss based on personal jurisdiction, is alleged to be a resident of Wisconsin.

10

with Plaintiff during the litigation while she happened to be a resident of Tennessee. Apparently most important to Plaintiff, she argues Tennessee is more convenient for her and, as an indigent plaintiff, she should be empowered to pursue this suit in the forum of least expense. However, as noted above, due process requires the Court consider the appropriateness of its jurisdiction over *defendants*, not whether Plaintiff would be inconvenienced by pursuing this action in Oklahoma. Plaintiff has not established any contacts with Tennessee that would subject any of the defendants to Tennessee's general jurisdiction.

## 2. Specific Jurisdiction

The Court now turns to specific personal jurisdiction. As noted, Plaintiff's sole showing in favor of personal jurisdiction involves defendants' actions during the malpractice litigation. She argues the Court may exercise personal jurisdiction over Judge Sellers because he appointed a guardian *ad litem* to act on behalf of Plaintiff's child while she was a resident of Tennessee. Similarly, Plaintiff suggests Hickman, who served as the appointed guardian *ad litem*, is also properly sued in Tennessee as a result of his representation. The only other allegation in favor of jurisdiction,[10] briefly discussed above, is as follows.

> All the defendants while in Tulsa County Oklahoma caused actions and or events to occurred [sic] and caused damages to me and my minor child in our person in the state of Tennessee via telephone, mail and facsimile after we were living in the state of Tennessee for over three (3) years.
> The acts and omission of the district court in and for Tulsa County Oklahoma judicial system caused injures [sic] to me and my minor child because the state Judge was in league with the lawyers who allegedly perpetrated a fraud upon the court and was bent upon abrogation of our federally protected rights. Whereby, this federal District Court of Eastern Tennessee is designed to protest one's civil and

---

[10] Plaintiff also oddly includes an allegation in favor of exercising personal jurisdiction over Stephen Grayless, the attorney against whom she alleged malpractice in Oklahoma state court. However, Plaintiff did not list Grayless as a defendant in this action and did not serve him.

constitutional rights in an impartial forum for all litigates [sic] alike.

We are poor and indigent pro se plaintiffs and cannot afford the monetary cost of mailing documents to the court outside my home state and traveling outside of my home state to attend to matters of the lawsuit. Wherefore, this federal court has the jurisdiction to protect my rights as a poor indigent plaintiff from financial and economic burdensome hardship of pursuing my court case to protect our constitutional rights.

I believe as a matter of our federally protected rights venue is proper in Chattanooga Hamilton County state of Tennessee for the sake of convenience; because I am a single parent and the only parent of said minor child who I file this lawsuit on behalf of, child who is a good student with good grades, respected by all his teachers and peers, not repeatedly tardy or absent from school, active in school extra-curriculum [sic] activities, and will be enrolling in an intern program during these proceedings and it will greatly inconvenience this minor child to cause the child to be away from school and parent away from the child it would not be in the best interest of the child.

(Court File No. 2, ¶¶ 5(D)-(G)).

Plaintiff fails on the first prong of the three-part test to establish specific personal jurisdiction: that "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state." *S. Mach.*, 401 F.2d at 381. Other than Sellers and Hickman, Plaintiff's only availment argument for any one of the defendants is her allegation they caused actions, events, or damages to occur to her and her child while she was living in Tennessee through some form of communication, although she fails to specify exactly how this occurred. Although telephone calls or facsimiles may serve as a basis for personal jurisdiction in certain circumstances, those communications must "form the bases for the action." *Intera Corp.*, 428 F.3d at 616; *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001) ("[M]aking phone calls and sending facsimiles into the forum, standing alone, may be sufficient to confer jurisdiction on the foreign defendant where the phone calls and faxes form the bases for the action."). From the remainder of the allegations, it is clear Plaintiff's alleged harm occurred not in Tennessee but in Oklahoma, where the "fraud" and "conspiracy of silence" occurred. These "communications," on which Plaintiff

12

appears to base jurisdiction, are the motions and orders submitted in Oklahoma court served on Plaintiff in Tennessee, where she lived while the action was ongoing. The telephone communication may be related to her claim she was surreptitiously recorded by a court reporter when she appeared by telephone for a hearing. She also alleges Harris was involved in a conspiracy against her with Price, with whom she spoke over the telephone when he promised, but failed, to mail Plaintiff a deposition.

What is clear from these allegations is that the nature of any contact defendants had regarding these communications and mailings was wholly fortuitous and based purely on the fact Plaintiff happened to live in Tennessee at the time the malpractice action was ongoing. This is simply insufficient to establish personal jurisdiction. *See Rice v. Karsch*, 154 F. App'x 454, 462-63 (6th Cir. 2005) (telephone, mail, and e-mail correspondence occurred solely because a corporation chose to have offices in Tennessee, not because the defendant sought to further his personal business or create contacts); *Calphalon v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000) (phone, mail, and facsimile contact in state occurred solely because the plaintiff chose to be headquartered there not because the defendant sought to further its business or otherwise create contacts); *see also Porter v. Berall*, 293 F.3d 1073, 1077 (8th Cir. 2002) ("The [attorney-]defendants were not licensed in Missouri, they did not maintain offices in Missouri, and they did not solicit business in Missouri. They provided advice on Connecticut law from their offices in Connecticut. Their actions do not show that they could have foreseen being haled into court in Missouri based on their actions in Connecticut.").

The same must be said for Plaintiff's argument in favor of jurisdiction over Judge Sellers and Hickman. Courts hold that a non-resident *attorney's* voluntary representation of a client, without

13

more, is insufficient to establish personal jurisdiction in that client's home state, even with telephone calls, mailings, and personal visits. *See Sawtelle v. Farrell*, 70 F.3d 1381, 1392 (1st Cir. 1995) ("The mere existence of an attorney-client relationship, unaccompanied by other sufficient contacts with the forum, does not confer personal jurisdiction over the non-resident in the forum state; more is required. In this case, the defendant-attorneys' only connection with New Hampshire was the Sawtelles' residence there.") (internal citations omitted); *Austad Co. v. Pennie & Edmonds*, 823 F.2d 223, 226-27 (8th Cir. 1987) (three-day visit by associate and law clerk as well as numerous phone calls was insufficient to establish personal jurisdiction). If an attorney's voluntary representation of a client is insufficient on its own, then certainly being appointed a guardian *ad litem* to a non-resident litigant, or making the appointment for that matter, is insufficient to establish personal jurisdiction.

Moreover, it is important to note the activity in Oklahoma court occurred because *Plaintiff* chose to file the action, not because any of the defendants filed suit against her. By taking no action in Tennessee, or directed at Tennessee, defendants have not created a substantial connection with the forum state sufficient to justify the Court's exercise of personal jurisdiction. *Burger King*, 471 U.S. at 476. Haling defendants into district court in the Eastern District of Tennessee "solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party" ignores the requirement of the "purposeful availment" prong. *Air Prods.*, 503 F.3d at 553.

On the second prong, Plaintiff must show by a preponderance of the evidence that the cause of action "arises from" defendants' actions in Tennessee. *S. Mach.*, 401 F.2d at 381. Although the Sixth Circuit has formulated the test for this prong in different ways, *see Air Prods.*, 503 F.3d at 553, courts should consider whether a plaintiff's cause of action arises from "Defendants' contacts with

14

the forum state as well as actions directed at the forum state." *id.* Here, as discussed above, the record indicates defendants have no significant contacts with Tennessee. Plaintiff therefore fails to establish the second prong.

If a court determines specific jurisdiction is proper under the first two prongs–which the Court has not here–it then must decide whether imposition of personal jurisdiction is reasonable. *S. Mach.*, 401 F.2d at 381. Because the balance of factors considered in making this inquiry tilts in favor of Oklahoma, the Court concludes imposition of personal jurisdiction here would not be reasonable.[11] First, the burden on defendants to defend this action in Tennessee is great. The actions underlying Plaintiff's complaint occurred in Oklahoma, and all but one defendant is a resident of Oklahoma. Thus, this factor points in favor of defendants. Second, Tennessee has no strong interest in resolving this dispute. Plaintiff is a resident of Tennessee, and Tennessee does have an interest in safeguarding the rights of their residents. But there is no indication a federal court in Oklahoma would be any less able to secure the rights of Tennessee citizens than would a federal court in Tennessee. Third, although Plaintiff's interest in obtaining relief is important, there is again no reason to suppose such relief could not be had in a federal court in Oklahoma. Finally, the most weighty factor is the other state's interest in securing the most efficient resolution of the controversy. Oklahoma has a substantial interest in having the legality of public officials of its own state determined by federal courts in Oklahoma, which will be more familiar with application of

---

[11] As noted above, the Court considers four factors in making the reasonableness determination: "(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy." *Intera Corp.*, 428 F.3d at 618.

Oklahoma state law.[12]

For these reasons, Plaintiff has failed to establish personal jurisdiction over all defendants except Doral Dental and Price, who have effectively consented to the Court's jurisdiction. All other defendants' motions will be **GRANTED** and the claims against them will be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

### B. Failure to State a Claim

Doral Dental and Price did not raise the personal jurisdiction issue and instead seek dismissal on the merits. Plaintiff's allegations against Doral Dental and Price in their entirety are as follows.

> Doral Dental was my minor child's dental care provider. Price was an attorney employed in the legal department of Doral Dental. I sent Price a one page deposition upon written questions (affidavit) to obtain discovery evidence I would need to prove my claim in our lawsuit.
>
> I mailed Price the deposition, I spoke with price over the telephone, he promised to mail the deposition back to me.
>
> I called Price He [sic] let me know he had spoken with Harris.
>
> After our conversation Price did not mail me the deposition back and would not return several telephone calls I made to him to obtain the deposition he fail to disclose information I was entitled to as the parent of minor child.
>
> Price was a witness that refused to cooperate and participate in discovery which caused him to violation 28 U.S.C. Appendix Rule 31.
>
> Because Price violated the law of discovery 28 U.S.C. Appendix Rule 31 he violated our Civil Rights of 42 U.S.C. Sections 1981 (a) and (c), 1985(3).
>
> Price entered into an agreed conspiracy with Harris with the understanding they would stop me from collecting substantial and relevant discovery evidence to prove my case and Price they entered a conspiracy of silence which caused Harris and Price to deprive us of our Civil Rights of 42 U.S.C. Sections 1985 (3) and 1986.

(Court File No. 2, ¶¶ 169-75). Accordingly, the Court reads Plaintiff's complaint as alleging a separate cause of action pursuant to federal civil rights statutes related to Doral Dental's and Price's failure to respond to her discovery requests. However, "[t]here is no separate cause of action [] for

---

[12] As drafted, the complaint appears to invoke claims only cognizable under state law, such as defamation and fraudulent concealment.

redressing discovery-related conduct." *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996). If these defendants engaged in improper discovery-related conduct, Plaintiff should have sought sanctions pursuant to Fed. R. Civ. P. 37. *Id.*

Moreover, these civil rights claims are barred by the applicable statute of limitations. According to the complaint, the malpractice case was dismissed in August 2008, with a final order dismissing the case being entered in December 2008, and was finally disposed of by Oklahoma appellate courts in February 2009. Even taking the final date as the date the statute of limitations began to run, it had long since expired by the time Plaintiff filed the instant action on December 19, 2012. For her §§ 1981[13] and 1985 claims, if the Tennessee statute of limitations applies, Plaintiff had one year in which to file a civil rights action against defendants. Tenn. Code Ann. § 28-3-104(3). The more generous Oklahoma statute of limitations provides her only two years. Okla. St. Ann. tit. 12, § 95(3) (West). Section 1986 explicitly provides "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." Accordingly, regardless of the merits of Plaintiff's claims, her civil rights actions are

---

[13] For § 1981, the state statute of limitations applies unless the cause of action arose under an Act of Congress enacted after December 1, 1990, in which case a four-year statute of limitations applies under 28 U.S.C. § 1658. *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369 (2004). This four-year limitations period typically applies in § 1981 employment cases arising under the Civil Rights Act of 1991. *See, e.g., Hughes v. Gen. Motors Corp.*, 212 F. App'x 497, 499 (6th Cir. 2007) (citing *Jones*, 541 U.S. at 382). Here, Plaintiff is not alleging discrimination in the "making, performance, modification, and termination of contracts, [or] the enjoyment of all benefits, privileges, terms, and conditions of [a] contractual relationship," the language added in the 1991 Act. Indeed, Plaintiff's allegations do not allege the existence or breach of a contract. Accordingly, Plaintiff's § 1981 claim is not based on an Act of Congress enacted after December 1, 1990, and Tennessee's one-year statute of limitations applies. *See Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 369-70 (5th Cir. 2008).

17

time-barred.[14]

For the foregoing reasons, Plaintiff fails to state a claim upon which relief can be granted against Defendants Doral Dental and Price. Violations of discovery rules do not establish independent causes of actions. Moreover, her civil rights claims are barred by the statute of limitations. Accordingly, Doral Dental's and Price's motion to dismiss will be **GRANTED**.

### C. Motion to Amend

After all but one of the defendants filed motions to dismiss, Plaintiff filed an addendum to her complaint (Court File No. 47). She seeks to add a single factual allegation against Pignato Firm, Pignato, and Houts. She also seeks to add common law conspiracy to commit fraud and common law fraud claims against each defendant in her complaint. Finally, she adds a prayer for relief, which she failed to include in her original complaint.

A plaintiff may amend her complaint once as of right twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Defendants Doral Dental and Price served their Rule 12 motion to dismiss on February 20, 2013, more than twenty-one days before Plaintiff's motion to amend was filed on March 21, 2013. As to those defendants, then, Plaintiff must seek leave of the Court to amend her complaint. With respect to the other defendants, Plaintiff filed her motion to

---

[14] Plaintiff quotes *Hazel-Atlas Glass Co v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944) for the proposition no statute of limitations applies to a fraud upon the court claim. However, Plaintiff stresses she does not seek relief under Fed. R. Civ. P. 60. Moreover, it does not appear she seeks relief from a judgment through an independent action. Rather, the fraud upon the court claim appears to be a substantive basis for her federal civil rights claims and state law tort claims. Those substantive claims are still subject to the relevant statute of limitations. Regardless, she does not allege Doral Dental or Price were involved in the fraud upon the court, but only alleges the federal civil rights violations discussed in the quoted paragraphs. Accordingly, to the extent Plaintiff attempts to side-step the statute of limitations by alleging a fraud upon the court, she did not do so with respect to these two defendants.

amend within twenty-one days of service of their respective Rule 12 motions and she was entitled to amend her complaint as of right.

With respect to the defendants dismissed for lack of personal jurisdiction, Plaintiff's purported additions would not alter the Court's ruling.  She has alleged no additional facts further establishing defendants' contacts with Tennessee.  Moreover, Plaintiff's new causes of action against Doral Dental and Price fail as well.  She has alleged no facts in support of her fraud or conspiracy claims. Save for the legal conclusion Price "entered into an agreed conspiracy with Harris," no factual allegation suggests any involvement of Price and Doral Dental in the alleged conspiracy, or any understanding or communication between those defendants and Harris beyond the lone allegation that Price informed Plaintiff he and Harris had spoken. Plaintiff also has not alleged any harm as a result of Price's failure to return her deposition or to answer discovery questions she has failed to specify.  A fraud action must be alleged with particularity. Fed. R. Civ. P. 9(b).  Plaintiff's generalized addition of "common law fraud" fails in that respect.

Because Plaintiff's proposed amendment would be futile, the Court will **DENY** her motion to amend with respect to Doral Dental and Price (Court File No. 47).  As to the other defendants, Plaintiff was entitled to file an amended complaint without leave of the Court.  Typically an amended complaint renders previously filed Rule 12 motions moot, as the original complaint becomes a legal nullity.  However, Plaintiff failed to abide by the clear requirements of Local Rule 15.1, pursuant to which

> [a] party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.

E.D. Tenn. L.R. 15.1. Plaintiff's amended complaint did not reproduce the entire document but was styled as an addendum to her complaint. Accordingly, her "amended complaint" is defective and Plaintiff's addendum to her complaint does not render the original, and operative, complaint a nullity. The Court need not require defendants to renew their motions to dismiss.

### D. Prefiling Restrictions

Some of the defendants in this case have requested the Court impose a prefiling restriction on Plaintiff. Such restrictions are not uncommon when courts are confronted with plaintiffs who engage in repetitive, vexatious, or frivolous litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (affirming an injunction prohibiting filing future cases without leave of court and upholding the method of "imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Rowe v. City of Detroit*, 55 F. App'x 316 (6th Cir. 2003) (affirming prohibition of filing any new action without prior written judicial approval). The Court understands defendants' frustration with Plaintiff's repeated lawsuits, and the Court does have concerns Plaintiff refuses to accept her unfortunate position in this case. The Court, however, recognizes the seriousness of closing the courthouse doors to citizens entitled to access the federal judiciary. Plaintiff has filed repetitive actions against these defendants, although with variations in her substantive claims. The Court will not yet impose a prefiling restriction on Plaintiff, but warns her that another action against these defendants in this district would likely call for such a drastic measure. The Court therefore will **DENY** defendants' request for prefiling restrictions, with the caveat it will not be so generous in a similar, subsequent action.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** defendants' respective motions (Court

File Nos. 15, 27, 33, 35, 37, 44, 50).  The claims against Defendants Doral Dental and Price will be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief could be granted.

The claims against the rest of the defendants will be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.  There being no other issues in this case, the Court will **DIRECT** the Clerk of Court to **CLOSE** this case.

 **An order shall enter.**

<div style="margin-left:40%">

**/s/**_____

**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

</div>